J. R. TABOR and A. M. TABOR, Respondents, *v.* J. P. STANIELS, Appellant.

It is the duty of the Court to decide upon the admissibility of a witness objected to for interest; and it is error to refer the question to the jury, upon the evidence, with instructions to disregard it if they believe the witness interested.

APPEAL from the Tenth Judicial District, Yuba County. The respondents, as partners, constituting the firm of Tabor & Co., sued the appellant for $1020, the price of gold dust sold to defendant by one Hooper, as the agent of the plaintiffs; and for $50 for board and lodging. The defendant answered, 1st, denying the complaint. 2nd. Averring that Hooper was a partner in the firm of Tabor & Co. 3d. Set-off. There was a verdict for the plaintiff for $1020; and judgment accordingly. The defendant appealed. It is deemed unnecessary to detail the facts of the case, as the only point decided by this Court arose from the ruling of the District Court as to the admissibility of Hooper as a witness; and in relation to which the facts are sufficiently stated in the opinion of the Court.

*S. J. Field*, for the appellant.

*J. O. Goodwin*, for the respondent.

Chief Justice MURRAY delivered the opinion of the Court. Upon the trial of this cause in the Court below, the defendant objected to the introduction of one Hooper as a witness, on the ground that he was a partner in the firm of Tabor & Co., and that this suit was prosecuted for his immediate benefit; and introduced testimony to show that fact. The Court admitted the testimony of the witness; at the same time instructing the jury that " they would take into consideration or reject the testimony of such witness as they might believe the witness was or was not interested. The matter as to crediblity was for them to judge, from all the testimony; and if they believe the witness interested or biased, they would be careful to regard his testimony accordingly." The Court is the judge of the admissibility of a witness; and the jury of his credibility. When an objection is made to a witness, the Court must decide it, and cannot

throw the resp nsibility upon the jury.  Had the Court decided the witness admissible, and referred his credibility to the jury, we would have felt ourselves called on to examine how far such ruling was correct : but as both the admissibility and credibility of the witness seem to have been submitted to the jury, we do not think it necessary to examine the testimony to sustain an error of the Court below.

Judgment reversed ; and new trial awarded.

*Smith* and *Whealon*, for the appellants.